IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JUANITA COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 13-1171-JDT |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT ORDER ON EAJA FEE REQUEST**

This matter is before the Court on the parties' Joint Stipulation for Resolution of Application for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and Plaintiff's previously filed application for attorney fees under the EAJA, Document (Doc.) 23. The Joint Stipulation indicates that Plaintiff has agreed to withdraw her EAJA fee petition pursuant to the parties' agreement and stipulation for an award under the EAJA. The Court having considered the Joint Stipulation and petition for EAJA fees,

IT IS ORDERED that Plaintiff is awarded under the EAJA, $9,257.00 in attorney's fees. No further requests for fees, costs, or expenses under the EAJA shall be filed in this case. Defendant IS ORDERED to pay those amounts to Plaintiff directly, subject to any offset imposed by the Treasury Department's Offset Program.

The Commissioner shall determine after entry of this Order whether Plaintiff owes a debt to the government that is subject to 31 U.S.C. §§ 3711 and 3716, which allow for the collection of a federal debt from the amount awarded to Plaintiff. If Plaintiff does owe a debt to the government, her EAJA fee award will be applied toward such debt by the Treasury Department's Offset Program, *see Astrue v. Ratliff*, 560 U.S. 586, 589-93 (2010), and the Commissioner shall

notify the Treasury Department that if any funds remain after the EAJA fee award is applied to her debt, the Treasury Department should issue a check for the remaining funds made payable to Plaintiff and mail that check to Plaintiff's counsel.

Notwithstanding instructions in the preceding paragraph to pay the EAJA award to Plaintiff, if the Treasury Department determines that Plaintiff does not owe a Federal debt subject to setoff, the Commissioner may exercise her discretion to honor Plaintiff's pre-award attempt to assign EAJA fees and pay the awarded fees directly to Plaintiff's counsel, and shall act consistently with its stipulation that it will honor the assignment in the event Plaintiff's EAJA award is not subject to a setoff.

Plaintiff has stipulated that she withdraws her Application for Attorney Fees Under the EAJA, Doc. 23, and substitutes this Joint Stipulation for her petition. Accordingly, it is FURTHER ORDERED that Plaintiff's EAJA fee petition, Doc. 23, is denied as moot.

The Clerk shall enter a judgment consistent with this Order.

**SO ORDERED** this  21st    day of    October          , 2015.


  s/James D. Todd  
JAMES D. TODD, Judge  
United States District Court